UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| SUSAN LIERMAN,<br><br>        Plaintiff,<br>vs.<br><br>NAVIENT SOLUTIONS, LLC AND<br>COAST PROFESSIONAL, INC.,<br><br>        Defendants. | Case No. 17-cv-876 |

## COMPLAINT

NOW COMES, Plaintiff, Susan Lierman, by and through her attorneys, DeLadurantey Law Office, LLC, and complains of Defendant Navient Solutions, LLC (hereinafter "Defendant Navient") and Coast Professional, Inc. (hereinafter "Defendant Coast") and alleges to the best of her knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

### Nature of the Action

1. This lawsuit arises from debt collection actions of the Defendants.

2. Causes of Action herein are brought under the Wisconsin Consumer Act, Wis. Stat. § 421 *et seq*.

### Jurisdiction and Venue

3. Jurisdiction of this Court arises under 28 U.S.C. § 1332, because the amount in controversy exceeds the sum or value of $75,000 and it is between citizens of different states.

4. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(1), because this is where the Defendants reside. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction.

5. This case is brought within the applicable statute of limitations. *Jacobson v. Consumer Portfolio Servs.*, 2011 U.S. Dist. LEXIS 156995, (W.D. Wis. Feb. 28, 2011).

## Parties

6. Plaintiff Susan Lierman is a natural person who resides in the City of Franklin, County of Milwaukee, State of Wisconsin.

7. Defendant Navient is a foreign business with a principal office of 2001 Edmund Hailey Dr., Reston, VA 20191, and a registered agent of Corporation Service Company, 8040 Excelsior Dr., Ste. 400, Madison, WI 53717.

8. Defendant Navient is a "debt collector" pursuant to Wis. Stat. §427.103(3).

9. Defendant Coast is foreign business with a principal office of 214 Expo Circle, Suite 7, West Monroe, LA 71292, and a registered agent of CT Corporation System, 301 S. Bedford St., Suite 1, Madison, WI 53703.

10. Defendant Coast is a "debt collector" pursuant to Wis. Stat. §427.103(3).

## Factual Allegations

11. In May 2013, Susan Lierman decided to help her son Robert Lierman, pay off his student loans.

12. At this time, Navient was known as Sallie Mae and will be referred to as Sallie Mae in the balance of the factual allegations.

13. On July 6, 2013, Robert and Susan Lierman called Sallie Mae and indicated that they were interested in paying off Robert's student loans.

14. They were referred to a supervisor, Tia, who indicated that she would arrange for two separate withdrawal transactions to pay off the loans.

15. On July 9, 2013, $33,801.28 was withdrawn from Susan's account, and on July 18, 2013, an additional $15,194.05 was withdrawn.

16. Robert Lierman received a letter from Sallie Mae dated August 8, 2013, congratulating him on paying off a loan with the original loan amount of $12,715 and a loan date of March 10, 2013.

17. Robert Lierman received a letter from Sallie Mae dated August 13, 2013, congratulating him on paying off a loan with the original loan amount of $11,918 and a loan date of November 17, 2006.

18. Robert Lierman received a letter from Sallie Mae dated August 18, 2013, congratulating him on paying off a loan with the original loan amount of $3,331.00 and a loan date of September 3. 2010. The letter also congratulated him on paying off a loan with the original loan amount of $12,500.00 with a loan date of December 16, 2009.

19. Robert Lierman even received a check from Sallie Mae Service in the amount of $9.23. The stated reason for the check was that he had overpaid his student loans.

20. Robert Lierman received a letter from Sallie Mae dated September 23, 2013, congratulating him on paying off a loan with the original loan amount of $836.00 and a loan date of September 3, 2010. The letter also congratulated him on paying off a loan with the original loan amount of $3,331.00 with a loan date of September 3, 2010.

21. Robert Lierman received a letter from Defendant Coast dated August 20, 2013, for collection of his "defaulted student loans." Defendant Coast was attempting to collect a principal balance of $41,455.05, interest of $3,407.70, and fees and costs of $10,919.60.

22. Susan Lierman immediately called Defendant Cost and indicated that they had been working with Sallie Mae and the Department of Education and had made $48,995.33 of payments on the loans.

23. Susan Lierman talked to a manager, Kelly Schroeder, who indicated that Robert's loans totaled $50,096.00.

24. On September 3, 2013, Susan Lierman emailed Kelly Schroeder the letters that Robert Lierman received from Sallie Mae.

25. On September 7, 2013, Robert and Susan Lierman contacted the Department of Education and spoke to an individual named Shakeeta. She indicated that Robert had paid off six accounts and that eight accounts were in default.

26. On September 11, 2013, Robert and Susan Leirman contacted Sallie Mae and spoke to an individual named Terry. This conversation lasted for approximately forty-two minutes. Terry said that she could see all of the loans from both Sallie Mae and the Department of Education. Terry could not figure out what had happened with the student loans, nor could the other supervisors that were helping her. She decided to send the entire account over to their "research department" for resolution and acknowledge that "paid in full is paid in full."

27. Terry called Rob Lierman back after approximately fifteen minutes and told him that he might want to try to call Customer Resolution Services.

28. On September 16, 2013, Robert and Susan Lierman contacted Customer Resolution Services through the number that Terry had provided them. They spoke to David, who indicated he could not help at all. He provided the number to the Claims Department at the Department of Education.

29. Robert and Susan Lierman next called the Claims Department with the number that David had given to them. After Robert's account information was entered into their system, an automated service provided the number for Defendant Coast. Eventually they reached a human who indicated that Robert was in default on eight accounts. They were referred to a supervisor named Ann. Ann indicated that on occasion, mistakes were made and sometime loans were incorrectly doubled up on. She indicated she would try to "recall the debt."

30. Robert and Susan Lierman then called Sallie Mae to inform them that contacting Customer Resolution Services did not help and that they would still need his account sent to their research department for resolution. An individual by the name of Daryl informed them that the account had not been sent to the Research Department, but was instead sent to Claims.

31. They then spoke to a supervisor, Chris who indicated that Tia had not been correct and a refund of $9,589 would be issued back to Robert from Sallie Mae. However, Chris informed them that they should deal directly with Defendant Coast.

32. Susan Lierman continued to work with Defendant Coast and Kelly Schroeder. She explained that Robert had overpaid Sallie Mae in the amount of $9,589 and that they would be getting a refund check. Kelly advised that when the check came, Robert Lierman should use it to make a payment directly to the Department of Education.

33. Kelly indicated that the loans would have to remain in a "rehab program" in order to get the loans out of default. Susan Lierman continued to maintain that all of the loans should not be in default as at least some (if not all) had been paid in full.

34. Robert Lierman was threatened with garnishment if he did not start paying on the loans.

5

Case 2:17-cv-00876-PP    Filed 06/23/17    Page 5 of 10    Document 1

35. Susan Lierman began making payments to Defendant Coast, in order to prevent Robert's paycheck from being garnished.

36. Susan Lierman was informed by Kelly with Defendant Coast that once the loans were out of default, they could do a one-time settlement payout to reduce, if not eliminate, fees, costs, and interest associated with the collection process.

37. A representative from Defendant Coast told Robert to fill out an application to consolidate his federal loans in order to bring them out of default.

38. The application stated in part, "I promise to pay to the U.S. Department of Education (ED) all sums disbursed under the terms of this Note to pay off my prior loan obligations, plus interest and other charges and fees that may become due as provided in this Note."

39. Robert Lierman filled out this application, and it sent it to Defendant Coast on July 14, 2014, because he feared garnishment and additional interest being added to the loans that he thought were already paid, or had in fact been paid and acknowledged by Sallie Mae.

40. Defendant Coast received the application and processed it. They processed this application knowing that Robert had already paid some (if not all) of his loans in full. They then informed Robert that his loans were no longer in default.

41. Once Defendant Coast informed Robert Lierman that his loans were no longer in default, Defendant Coast would not help Susan Lierman with the settlement payout that they had previously offered to provide to reduce or eliminate fees, costs, and interest.

### Count 1 – Violations of the Wisconsin Consumer Act, (Wis. Stat. § 427.104) – Defendant Navient

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. Under Wis. Stat. § 427.104(h), a debt collector cannot "[e]ngage in… conduct which can reasonably be expected to threaten or harass… a person related to the customer."

44. Under Wis. Stat. § 427.104(j), a debt collector cannot "[c]laim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

45. If Defendant Navient did not have authority to accept payments from Susan Lierman on Robert Lierman's loans, then Defendant Navient should not have taken payment from Susan Lierman.

46. If Defendant Navient had authority to accept payments from Susan Lierman, then Defendant Navient should have followed through to ensure that the funds were properly applied.

47. By stating they had authority and by accepting payment, Defendant Navient was obligated to apply the payments and acknowledge the loans as paid in full.

48. By conducting their collection manner in this way, Defendant Navient was acting in violation of the Wisconsin Consumer Act.

49. Plaintiff has suffered actual damages as a result of these illegal collection actions in the form of anger, anxiety, emotional distress, fear, humiliation, and frustration, amongst other negative emotions.

50. Additionally, Plaintiff has suffered financial harm as a result of Defendant Navient's actions.

51. Plaintiff is entitled to actual, statutory, and punitive damages pursuant to Wis. Stat. §427 and, reasonable attorney's fees and costs pursuant to Wis. Stat. § 425.308.

**Count 1 – Violations of the Wisconsin Consumer Act, (Wis. Stat. § 427.104) – Defendant Coast**

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. Under Wis. Stat. § 427.104(h), a debt collector cannot "[e]ngage in… conduct which can reasonably be expected to threaten or harass… a person related to the customer."

54. Under Wis. Stat. § 427.104(j), a debt collector cannot "[c]laim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

55. Defendant Coast promised that once the loans were out of default, they could do a one-time settlement payout to reduce, if not eliminate, fees, costs, and interest associated with the collection process.

56. This induced Susan Lierman to make the payments necessary to remove the loans from default.

57. Once the loans were out of default, Defendant Coast did not hold up their promise.

58. When Defendant Coast made this promise to induce payment, Defendant Coast knew or should have known that they could not or would not fulfill this promise.

59. Plaintiff has suffered actual damages as a result of these illegal collection actions in the form of anger, anxiety, emotional distress, fear, humiliation, and frustration, amongst other negative emotions.

60. Additionally, Plaintiff has suffered financial harm as a result of Defendant Coast's actions.

61. Plaintiff is entitled to actual, statutory, and punitive damages pursuant to Wis. Stat. §427 and, reasonable attorney's fees and costs pursuant to Wis. Stat. § 425.308.

## Trial by Jury

62. Plaintiff is entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

**Prayer for Relief**

WHEREFORE, Susan Lierman prays that judgment be entered against Defendants for:

A. Actual, statutory, and punitive damages pursuant to Wis. Stat. §427 *et al.*;
B. Costs and reasonable attorneys' fees pursuant to Wis. Stat. §425.308; and
C. Other and further relief as may be just and proper.

Dated this 23rd day of June, 2017.

>DeLadurantey Law Office, LLC
>
>s/ Heidi N. Miller
>
>Nathan E. DeLadurantey (WI# 1063937)
>Heidi N. Miller (WI# 1087696)
>DeLadurantey Law Office, LLC
>330 S. Executive Drive, Suite 109
>Brookfield, WI 53005
>(414) 377-0515; (414) 755-0860 – Fax
>Nathan@dela-law.com
>Heidi@dela-law.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

Pursuant to 28 U.S.C. § 1746, I, Susan Lierman, declare under penalty of perjury the following:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
Susan Lierman